# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANDREW POMPEY,**

                **Petitioner,**

        v.                                    **CASE NO. 19-3142-JWL**

**N.C. ENGLISH,**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241 by a prisoner in federal custody. Petitioner, proceeding pro se, seeks the expungement of a prison disciplinary conviction and the return of good time credits.

### Background

At the time relevant to this petition, petitioner was incarcerated in the United States Penitentiary, Leavenworth, Kansas.

On October 31, 2018, an officer conducting a search of the cell occupied by petitioner and another prisoner discovered a brown substance attached to the cell trash can. The officer delivered the material to Lieutenant A. Privett, who tested it using NIK Kit A and NIK Kit U.[1] The testing confirmed the substance was an amphetamine. The results were documented in photos and an incident report, but action on the report was suspended pending the referral of the case to the FBI for potential prosecution.

---

[1] The NIK System of Narcotics Identification provides a field test to identify certain drugs. *See Peer v. Dehham*, 2015 WL 5579654 *6 (D. Colo. Sep. 23, 2015)(recognizing that in an administrative disciplinary proceeding, "prison officials generally are entitled to rely on institutional test results, such as the NIK field test, absent any evidence of unreliability or irregularity in conducting the tests.").

The FBI declined prosecution, and the incident report was released for administrative action on November 8, 2018. The incident report was reissued and investigated by staff on November 14, 2018. During the investigation, petitioner was advised of his rights and declined to make a statement.

The incident report was referred to the Unit Discipline Committee (UDC). On November 19, 2018, Warden English granted an extension of time for the completion of the disciplinary process due to an administrative error. Petitioner appeared before the UDC on the same day but gave no statement. Due to the severity of the charge, the UDC referred the matter to the Discipline Hearing Officer (DHO).

On the same day, petitioner received a notice of hearing and a written explanation of his rights at the hearing. He signed both documents and noted that he did not want to call witnesses or to have a staff representative.

On November 28, 2018, the DHO conducted the hearing. She reviewed petitioner's due process rights with him and noted that he did not wish to have a staff representative and did not want to present witnesses or documentary evidence. The DHO took notice that the UDC process was not conducted within the usual five-day period but noted that the Warden had approved an extension. Petitioner appeared at the hearing and stated, "I just moved in the cell the day before. I didn't know it was in there. I don't know what amphetamines are." The DHO considered the incident report, the memorandum explaining the testing conducted by Lieutenant Privett, the photos taken during the testing, petitioner's silence during the investigation and before the UDC, and his statement at the hearing. Based on the evidence, she found that petitioner had committed the prohibited act. The DHO imposed the loss

of 41 days of Good Conduct Time and restrictions of 90 days on commissary, e-mail, and visitation. The DHO advised petitioner of her findings and how to appeal. On December 19, 2019, petitioner received a written report setting out the decision of the DHO.

## Discussion

A petition filed under § 2241 generally is "an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The Tenth Circuit has recognized that an "action challenging prison disciplinary proceedings, such as the deprivation of good-time credits, is not challenging prison *conditions*, it is challenging an action affecting the fact or duration of the petitioner's custody." *McIntosh,* 115 F.3d at 812.

Prisoners must be afforded due process in institutional disciplinary proceedings. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In a prison disciplinary proceeding, due process requires that a prisoner receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and

the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Disciplinary action must be supported by "some evidence" in the record. *Id*. at 455. This evidentiary standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id*. Instead, the federal habeas court must consider "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56.

Here, petitioner received written notice of the disciplinary charges, had an opportunity to present a defense, and received both an oral explanation and a written statement of decision and the reasons supporting it. Next, the record contains some evidence supporting the decision of the DHO, as it includes the incident report, the positive drug test results developed by staff, and photographs of the substance found in petitioner's cell. This satisfies the due process requirements established in *Wolff* and *Hill*.

Despite petitioner's claim that the UDC proceeding was improperly delayed, he has not made any argument that the approximately ten days that elapsed between the release of the incident for administrative processing on November 8, 2018, and the UDC hearing on November 19, 2018, prejudiced to his ability to defend himself. While a five-day deadline ordinarily applies to the processing of an incident report, the Warden approved the extension, and the delay was not excessive. The Court finds no violation of petitioner's right to due process.

Petitioner also challenges his conviction on the ground that the contraband was found in a cell occupied by two prisoners and was not

in his exclusive personal possession. The Tenth Circuit, however, has upheld prison disciplinary findings based upon contraband found in areas inhabited by multiple occupants. *See e.g., Simon v. Jones*, 550 Fed. Appx. 670, 671 (10th Cir. 2014)("prison officials may show possession constructively as well as actually, and they may rely on circumstantial evidence to make their case") and *Howard v. United States Bureau of Prisons*, 487 F.3d 808, 812 (10th Cir. 2007)(citing *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992)("The proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is unproblematical.")).

Finally, petitioner asserts in his traverse that he was mentally incompetent to participate in the disciplinary proceedings and that he "had trouble understanding the proceedings without the assistance of a staff representative." (Doc. 10, p. 4.) The record shows that petitioner signed a form in which he declined to have a staff representative (Doc. 5-1, p. 78), and his statement at the DHO proceeding supports the conclusion that he sufficiently understood the nature of the charges and was able to present a defense.[2] There is no evidence that he expressed any difficulty with comprehension at the time of the hearing. Having considered these circumstances, the Court finds no basis to grant relief based upon petitioner's alleged difficulty in comprehension.

## Conclusion

The Court concludes petitioner was afforded adequate due process protection during the administrative disciplinary process and that

---

[2] As noted, his statement, recorded in the DHO report, was "I just moved in the cell the day before. I didn't know it was in there. I don't know what amphetamines are." (Doc. 5-1, p. 81.)

the decision of the DHO is supported by some evidence. Petitioner has not shown any ground for relief.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

**IT IS SO ORDERED.**

DATED:  This 16th day of January, 2020, at Kansas City, Kansas.

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
U.S. District Judge